FISHER, Circuit Judge,
concurring:
I agree that Chibeast’s notice to the district court is properly construed as a motion for new trial. I also agree that remand is appropriate to afford the district court an opportunity to decide whether the government’s alleged failure to timely disclose evidence to Chibeast warrants a new trial. I join fully in the court’s memorandum disposition but write separately to address what I believe to be the standard the district court should apply in reviewing Chibeast’s due process claim.
Were Chibeast asserting an ordinary new trial claim based on newly discovered evidence, he would be required to show that the newly discovered evidence demonstrates he “would probably be acquitted in a new trial.” United States v. Berry, 624 F.3d 1031, 1042 (9th Cir.2010).
Chibeast, however, appears to argue that the government’s failure to provide him with a significant portion of the discovery violated his due process right to present a complete defense. See Blue Br. at 20-21. A defendant’s claim that the government has prevented a defendant’s access to potentially material evidence is governed by a more “relaxed standard.” United States v. Doe, 705 F.3d 1134, 1153 (9th Cir.2013); see also United States v. Agurs, 427 U.S. 97, 111, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). Although these two decisions involve claims invoking Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the underlying due process concern here is analogous.
“Under the Due Process Clause of the Fourteenth Amendment, criminal prosecutions must comport with prevailing notions of fundamental fairness.” California v. Trombetta, 467 U.S. 479, 485, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). The Supreme Court has “long interpreted this standard of fairness to require that criminal defendants be afforded a meaningful opportunity to present a complete defense.” Id. “To safeguard that right, the Court has developed ‘what might loosely be called the area of constitutionally guaranteed access to evidence.’ ” Id. (quoting United States v. Valenzuela-Bernal, 458 U.S. 858, 867, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982)).
Because Chibeast plausibly invokes this due process right, the question on remand is not whether the newly discovered evidence shows Chibeast “would probably be acquitted in a new trial,” Berry, 624 F.3d at 1042, but rather whether there is a “reasonable likelihood that the [missing evidence] could have affected the judgment of the trier of fact,” Valenzuela-Bernal, 458 U.S. at 874, 102 S.Ct. 3440; cf. United States v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985) (explaining that under the analogous Brady standard the question is whether “there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different”).
It is, however, “impossible for us to evaluate [Chibeast]’s claim because we do not know what the documents say.” Doe, 705 F.3d at 1152. Therefore, I agree that, as in Doe, remand is appropriate so the district court can consider in the first instance whether the government violated Chibeast’s right to due process by failing to timely disclose nearly one-third of the *641 discovery in his case. Under the due process standard, a new trial would be warranted if the documents undermine the district court’s confidence in the outcome of the. verdict, meaning that there is a “reasonable probability of a different result.” Id. at 1153 (internal quotation marks omitted).